UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDAL S. HORR, | ) |
|     Petitioner, | )<br>)<br>) |
| v. | ) Civil No. 7-147-B-W<br>) |
| STATE OF MAINE, | )<br>) |
|     Respondent | ) |

**RECOMMENDED DECISION ON MOTION FOR A TEMPORARY
RESTRAINING ORDER**

Randal Horr is serving an eleven-year sentence for motor vehicle infractions. Horr filed a 28 U.S.C. § 2254 petition and in a separate opinion I have recommended denying Horr § 2254 relief. (See Doc. No. 43.) Horr has filed a motion for a temporary restraining order pertaining to the provision of his medical care which has been docketed in his habeas case.

This motion for a temporary restraining order is filed pursuant to Federal Rule of Civil Procedure 65. In this motion Horr explains that he is subject to a minimum security classification at the Bolduc Correctional Facility in Warren, Maine. Horr indicates that he inadvertently became infected with the Hepatitis C Virus during his incarceration. Horr is complaining about inadequate medical diagnosis and treatment for his medical condition during his incarceration in facilities under the purview of the Maine Department of Corrections. Horr is particularly concerned with the delay in having his liver biopsied.

Horr indicates that he had been approved for treatment at an outside medical provider contingent on his release on the Supervised Community Confinement Program or through a medical furlough.  Horr contends:

> Plaintiff has requested and has been denied early release for medical furlough and release for this treatment and purpose by the Maine Department of Correction's Commissioner Martin A. Magnusson.  The Plaintiff asserts that to force the Plaintiff to transfer back to MSP, a maximum/medium security facility, as suggested by Commissioner Magnusson, is a form of punishment.  Plaintiff would loose all his community programs and his minimum security status when treatment is available at this time within the community.  Plaintiff has completed all available Substance Abuse, Educational and all other programs available to him at the facilities he has been housed for the past 6 years.  This has allowed him to obtain his present minimum/community classification status. (SEE LETTERS/DUTIES TO/ FROM COMMISSION MAGNUSSON ATTACHED)
> Plaintiff has been denied transport to the Virology Treatment Center in Portland by CMS Dr. Todd Tritch, the Primary Care Physician for CMS Dr. Todd Tritch, the Primary Care Physician. …. DR. Tritch suggested the Plaintiff file a grievance based upon his denial.  Plaintiff has started the grievance process….

(Mot. Temp. Restraining Order at 5.)    In this motion Horr seeks protection by the court as to any retaliatory actions taken against him as a consequence of his civil rights filings.

The Clerk of the Courts docketed the present motion in Horr's 28 U.S.C. § 2254 action, the only proceeding currently pending in this court.  However, the pleading represents that Horr envisions this as being "in the form of a 42 U.S.C. A. § 1983 civil tort action."  (Id. at 6.)[1]  In this respect Horr is on the mark in that the relief he seeks – which is indubitably concerning his conditions of confinement and not an attack on the validity of his state court conviction or sentence --  is not cognizable in a 28 U.S.C. § 2254 proceeding.  The problem for Horr is that he does not have a 42 U.S.C. § 1983

---

[1]  Horr did not caption his pleading with the case number for his habeas proceeding.

2

action pending in this court, he has not filed a § 1983 complaint, much less paid a filing fee, or filed a motion to proceed in forma pauperis.

Accordingly, I recommend that the court deny this motion for a temporary restraining order in that it is not a cognizable pleading in this 28 U.S.C. §2254 proceeding.   If Horr desires to initiate a 42 U.S.C. § 1983 action based on his denial of adequate medical care he must first file a civil complaint accompanied by a filing fee or a motion to proceed in forma pauperis.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed without ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 4, 2008